# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANNA ROCHELLE WOODS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-22

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anna Rochelle Woods pleaded guilty to one count of conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. She was sentenced to the statutory minimum of five years of imprisonment, and she timely appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10445

In her sole issue on appeal, Woods argues that mandatory minimum sentences violate an individual's right to due process of law because they take away a sentencing judge's discretion to sentence each convicted defendant as an individual.  She contends that mandatory minimum sentences place the power to try a defendant in the hands of Congress and the power to sentence a defendant in the hands of the prosecutor.

The United States Supreme Court and this court have rejected the argument that mandatory minimum sentences violate the Fifth Amendment. *See Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."); *United States v. Rojas-Martinez*, 968 F.2d 415, 420 (5th Cir. 1992) ("Imposition of mandatory minimum sentences for offenses involving large quantities of illegal drugs bears a rational relationship to the legitimate purpose of enforcing federal drug laws and is not arbitrary."). Accordingly, the application of the statutory mandatory minimum sentence in § 841(b)(1)(B)(i) does not violate Woods's Fifth Amendment right to substantive due process.

Although we conclude that the judgment should be affirmed without further briefing, summary affirmance is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  Thus, we affirm the judgment of the district court and deny the Government's motion for summary affirmance and its alternative motion for an extension of time to file a brief.

AFFIRMED; MOTIONS DENIED.